JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 21-934 JGB (SHKx)** | Date | September 7, 2021 |
| Title | *Gabriela Valdiviezo v. Laboratory Corporation of America, et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 11); (2) DENYING AS MOOT Defendant's Motion to Dismiss (Dkt. No. 7); and (3) VACATING the September 13, 2021 Hearing (IN CHAMBERS)**

Before the Court are a Motion to Remand filed by Plaintiff Gabriela Valdiviezo, ("MTR," Dkt. No. 11), and a Motion to Dismiss Certain Causes of Action filed by Defendant Laboratory Corporation of America, ("MTD," Dkt. No. 7) (collectively, "Motions"). The Court finds these matters appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motions, the Court GRANTS the Motion to Remand and DENIES AS MOOT the Motion to Dismiss. The Court vacates the hearing set for September 13, 2021.

## I.   BACKGROUND

On April 20, 2021, Plaintiff Gabriela Valdiviezo filed a Complaint in the Superior Court of California for the County of Riverside against Defendants Laboratory Corporation of America ("LabCorp"), Le'Nesha Glenn, Cynthia Nelson, Vaschar Moore, and Jasmin Duffey (collectively, "Individual Defendants"). ("Complaint," Dkt. No. 1-1.) On June 1, 2021, Defendant LabCorp removed the action to federal court on the basis of diversity jurisdiction. ("Notice of Removal," Dkt. No. 1.)

The Complaint alleges sixteen causes of action: (1) discrimination on the basis of race in violation of the California Fair Employment and Housing Act ("FEHA") against LabCorp; (2) harassment on the basis of race in violation of the FEHA against all Defendants; (3) discrimination on the basis of age in violation of the FEHA against LabCorp; (4) harassment on

the basis of age in violation of the FEHA against LabCorp, Glenn, and Nelson; (5) discrimination on the basis of disability in violation of the FEHA against LabCorp; (6) failure to provide reasonable accommodation in violation of the FEHA against Defendants; (7) failure to engage in an interactive process in violation of the FEHA against Defendants; (8) retaliation for engaging in a protected activity in violation of the FEHA against Defendants; (9) failure to prevent discrimination, harassment, and retaliation in violation of the FEHA against Defendants;[1] (10) wrongful termination in violation of public policy against LabCorp; (11) violation of Cal. Lab. Code § 1102.5 against LabCorp, Glenn, and Nelson; (12) intentional infliction of emotional distress against all Defendants; (13) failure to provide uninterrupted rest breaks in violation of Cal. Lab. Code § 226.7 against LabCorp; (14) failure to provide all wages upon termination in violation of Cal. Lab. Code § 203 against LabCorp; (15) failure to produce records in violation of Cal. Lab. Code §§ 1174.5 and 1198.5 against LabCorp; (16) violation of Cal. Bus. & Prof. Code § 17200, et seq. against LabCorp.  (See Compl.)

Defendant LabCorp filed the MTD on June 8, 2021.  Plaintiff filed her opposition on June 17, 2021.  ("MTD Opposition," Dkt. No. 10.)  Defendant replied on June 24, 2021.  ("MTD Reply," Dkt. No. 13.)

Plaintiff filed the MTR on June 23, 2021.  LabCorp filed its opposition on July 2, 2021.  ("MTR Opposition," Dkt. No. 17.)  Plaintiff replied on July 12, 2021.  ("MTR Reply," Dkt. No. 19.)

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Federal district courts have original jurisdiction over civil actions in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff."  In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Removal statutes are to be strictly construed, Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992), and the party seeking removal bears the burden of proving its propriety, Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  See Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 683-85 (9th Cir. 2006); see also Calif. ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) ("[T]he burden of establishing federal jurisdiction falls to the party invoking the statute[.]").  "[A]ny doubt about the right of removal requires resolution in favor of remand."

---

[1] In her Reply, Plaintiff clarifies that while the Complaint asserts Claims Six, Seven, Eight, and Nine against "Defendants," this was a typographical error, and it should not be construed to mean "all Defendants."  (Reply at 14.)  Rather, Plaintiff suggests that this should have referred to LabCorp.  (Id.)

Moore–Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus, 980 F.2d at 566).

Removal is proper despite the presence of a non-diverse defendant where that defendant is a fraudulently joined or "sham" defendant. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" GranCare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (quoting Hunter v. Phillip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)). A defendant invoking the latter must show that there is no "possibility that a state court would find that the complaint states a cause of action against any of the resident defendants[.]" Id. (internal quotations and citations omitted). Moreover, defendants asserting fraudulent joinder bear a "heavy burden" because of the presumption against finding defendants were fraudulently joined. Id.

### III.  DISCUSSION

**A. Motion to Remand**

Plaintiff urges remand based on the absence of diversity jurisdiction. Plaintiff argues that the parties lack complete diversity because Defendants Glenn, Nelson, Moore, and Duffey are citizens of California, as is Plaintiff. (Mot. at 5-6.) LabCorp argues that Individual Defendants were fraudulently joined to this matter to avoid diversity jurisdiction, and that Plaintiff fails to state a claim against them. (See Opp'n.) The Court finds that Individual Defendants were properly joined as parties and that it therefore lacks jurisdiction over this matter.

"[T]he burden of establishing federal jurisdiction falls to the party invoking the [removal] statute[.]" Dynegy, Inc., 375 F.3d at 838. At minimum, removal on the basis of diversity requires "complete diversity," or that each plaintiff retains different citizenship from each defendant. GranCare, LLC, 889 F.3d at 548 (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). Despite this requirement, courts may ignore the citizenship of a party who was fraudulently joined to a proceeding. Id. Where a defendant does not allege actual fraud in the pleading process, the only way to establish fraudulent joinder is to demonstrate the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Id. (internal quotations omitted).

As this Court has previously emphasized, "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." Herrera v. Pier 1 Imports U.S., Inc., 2019 WL 3562668, at *2 (C.D. Cal. Aug. 5, 2019) (internal quotations and citations omitted). "Rather than merely showing that the plaintiff has not alleged facts plausibly stating a claim for relief, a defendant must show that there is no possibility that a state court would find that the complaint states a cause of action against any of the resident defendants[.]" Id. (emphasis in original) (internal quotations and citations omitted). To meet this "heavy burden" and overcome the presumption of a valid joinder, a defendant "must do more than show that the complaint at the

time of removal fails to state a claim against the non-diverse defendant." Padilla v. AT & T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal quotations omitted).  "[R]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency."  Id.

Here, LabCorp removed this matter despite a lack of complete diversity because it argues that Individual Defendants were fraudulently joined to defeat diversity jurisdiction.  Plaintiff asserts two claims against all Individual Defendants: harassment on the basis of race in violation of the FEHA (Claim Two), and intentional infliction of emotional distress (Claim Twelve).  (See Compl.)  In addition, Plaintiff alleges that Glenn and Nelson also harassed Plaintiff on the basis of age in violation of the FEHA (Claim Four), and violated California Labor Code Section 1102.5 (Claim Eleven).

### 1. FEHA Harassment Claims

Plaintiff alleges that Individual Defendants engaged in race- and age-based harassment by, for example: yelling at and hanging up on her; slamming doors in her presence; spraying ant spray in her locker; physically bumping into her on purpose; making sarcastic remarks about her dialect; calling her an "old" woman; making harassing and/or offensive comments, including comments about Hispanics; falsely criticizing her work; denying her breaks; and speaking to her in a condescending tone.  (Compl. ¶¶ 17, 22-26, 29, 32.)

The parties disagree as to what standard applies to Plaintiff's harassment claims under the FEHA.  LabCorp argues that to assert a claim for race- or age-based harassment under the FEHA, Plaintiff must show that: (1) she endured offensive comments or other abusive conduct; (2) which were based on her actual or perceived race or age; (3) and were sufficiently severe or pervasive as to alter the conditions of her employment.  (Opp'n at 9, 11-12 (citing Thompson v. City of Monrovia, 186 Cal. App. 4th 860, 876 (2010); Galvan v. Dameron Hosp. Assn., 37 Cal. App. 5th 549, 563 (2019)).)  Plaintiff argues that the California Legislature has done away with the "severe or pervasive" standard, opting for a requirement that the allegedly harassing conduct disrupts the "victim's emotional tranquility in the workplace" or "otherwise interfere[s] with and undermine[s] the victim's personal sense of well-being." Cal. Gov. Code § 12943(a-b).  Under this standard, even "a single incident of harassing conduct is sufficient … if the harassing conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment."  Id.  However, the Court need not resolve this dispute.

The relevant inquiry is not whether Plaintiff plausibly alleges Individual Defendants' liability.  Rather, LabCorp must establish that Plaintiff could not possibly establish Individual Defendants' liability under any set of consistent allegations.  Carrillo v. FCA US LLC, 2020 WL 2097743, at *3 (C.D. Cal. May 1, 2020) ("When determining fraudulent joinder the question is not whether the current allegations state a claim, but whether it would be possible for plaintiff to amend[ ] with additional allegations that could state a claim.").  Regardless of the standard applicable here, the Court finds that Defendant "fails to show that there is no possibility that

Plaintiff can establish [her] claim or that [s]he has not a glimmer of hope." Fowler v. Fever Labs, Inc., 2021 WL 183318, at *2 (C.D. Cal. Jan. 15, 2021).  That is particularly the case where, as Plaintiff points out, whether conduct is harassing is "usually a question of fact" for the jury. Harris v. Forklift Systems, 510 U.S. 17, 23.

The Court thus finds that Plaintiff could possibly allege Individual Defendants' liability and that they were properly joined as parties.² The Court GRANTS the Motion to Remand and REMANDS this matter to the Superior Court of California for the County of Riverside.

**B. Sanctions**

Plaintiff also seeks an order for Defendants to pay Plaintiff's costs and attorneys' fees incurred due to Defendants' improper removal and refusal to remand.  (MTR at 12.)  Pursuant to 28 U.S.C. § 1447(c), an order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Beltran v. Monterey Cty., 2009 WL 585880, at *3 (N.D. Cal. Mar. 6, 2009) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 137 (2005)); see also Cohen v. Colorado Elec. Supply Ltd., 2008 WL 4722528, at *3 (C.D. Cal. Oct. 20, 2008).  The Supreme Court has considered when attorney's fees should be awarded under section 1447(c) and held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."  Martin, 546 U.S. at 141.  "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case."  Id.  The Court finds that such unusual circumstances are not present here.  The Court thus DENIES Plaintiff's request for attorneys' fees.

**C. Motion to Dismiss**

Because the Court GRANTS Plaintiff's Motion to Remand, the Court DENIES Defendant's Motion to Dismiss AS MOOT.

### IV.   CONCLUSION

!
For the reasons above, the Court GRANTS Plaintiff's Motion to Remand.  Defendant's motion to dismiss is DENIED AS MOOT.  The September 13, 2021 hearing is VACATED.  The case is REMANDED to the Superior Court of California for the County of Riverside.

**IT IS SO ORDERED.**

---

² Because the Court finds that LabCorp fails to show that there is no possibility that Plaintiff could assert a claim against Individual Defendants for harassment under the FEHA, the Court need not consider the viability remaining claims against Individual Defendants.  That these claims may succeed against even one of the Individual Defendants defeats complete diversity of citizenship.